**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on July 29, 2020, which may be different from its entry on the record.**

**IT IS SO ORDERED.**

**Dated: July 29, 2020**



UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| LUANN MITCHELL, | ) | Case No. 13-14494 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

MEMORANDUM OF OPINION[1]

On June 12, 2020, creditor Wilfred Anderson moved to reopen this closed case. Anderson wants the bankruptcy case reopened so that he can move to vacate the $72 judgment entered against him and in favor of the debtor Luann Mitchell ("the debtor") in 2016 (Adv. No. 15-1006). The debtor opposes the motion to reopen and seeks to have Anderson's filings stricken and/or sealed. For the reasons that follow, Anderson's motion to reopen this bankruptcy case is denied, and certain filings by Anderson shall be stricken from the public docket.

---

[1] This Opinion is not intended for official publication.

## FACTUAL AND PROCEDURAL BACKGROUND

The Court will limit its recitation of the factual and procedural background only to those matters necessary to understand the Court's reasons for denying Anderson's motion to reopen this closed bankruptcy case. A more complete account of the history of this bankruptcy case and the adversary proceeding that resulted in a $72 judgment against Anderson and in favor of the debtor is contained in the Court's opinion dated January 28, 2016. *Mitchell v. Anderson (In re Mitchell)*, 545 B.R. 209 (Bankr. N.D. Ohio 2016).

For purposes of the current motion, it is sufficient to note the following:

- the debtor filed her Chapter 7 case on June 24, 2013;

- the debtor received her Chapter 7 discharge on October 2, 2013 (Case No. 13-14494, Docket No. 40);

- the debtor filed an adversary proceeding against Anderson alleging willful violations of the automatic stay and the discharge injunction on January 12, 2015 (Adv. No. 15-1006);

- the Court conducted a trial on October 28, 2015, at which Anderson chose not to appear or otherwise defend;

2

- the Court awarded a judgment of $72 against Anderson for willful violation of the automatic stay on January 28, 2016 (*Mitchell v. Anderson (In re Mitchell)*, 545 B.R. 209 (Bankr. N.D. Ohio 2016));

- the Bankruptcy Appellate Panel dismissed Anderson's appeal of the judgment for want of prosecution on April 6, 2016 (Adv. No. 15-1006, Docket No. 120); and

- the debtor's bankruptcy case was closed on April 6, 2016 (Case No. 13-14494, Docket No. 111).

On June 4, 2020, Anderson filed a motion to vacate the $72 judgment in the adversary proceeding without first moving to reopen the debtor's bankruptcy case under 11 U.S.C. § 350(b) and without paying the $260 fee for filing the motion to reopen (Adv. No. 15-1006, Docket No. 126). On June 9, 2020, the Court ordered Anderson to file a motion to reopen the bankruptcy case and to pay the filing fee (Docket No. 127). On June 10, 2020, Anderson filed a motion to reopen the debtor's bankruptcy case (Case No. 13-14494, Docket No. 113) and paid the $260 filing fee. The motion to reopen itself contained no analysis.

Because it is unclear whether a state protection order continues to prevent Anderson from contacting or mailing papers to the debtor, the Court directed the clerk to serve the debtor with Anderson's filings (Docket No. 116). On July 15,

3

2020, the debtor filed a brief opposing the motion to reopen and moved to strike and seal Anderson's filings from the public record (Docket No. 118). On July 21, 2020, the Court heard oral argument on Anderson's motion and the debtor's response.

The gist of Anderson's motion to reopen, although unstated in the motion, is that Anderson wants the case reopened so that he can move to have the $72 judgment entered against him vacated because of what he contends constitutes "fraud on the court." The purported fraud on the court is the debtor's allegedly intentional failure to disclose certain medical debts between 2014 and 2016.

## JURISDICTION

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order 2012-7 of the United States District Court for the Northern District of Ohio.

## DISCUSSION

Pursuant to 11 U.S.C. § 350, "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." "Whether to grant a motion to reopen is entrusted to the sound discretion of the trial court, and the bankruptcy court's decision should not be overturned

4

absent an abuse of discretion." *In re McCoy*, 560 B.R. 684, 685 (B.A.P. 6th Cir. 2016).

If Anderson's motion to vacate the $72 judgment must be denied, even if the allegations in his motion are true, then there is no reason for the Court to reopen the debtor's bankruptcy case. Just so here. Anderson is under the mistaken belief that the debtor was obligated to disclose debts that she incurred years after she filed her bankruptcy case in 2013. But these alleged debts were not even incurred until after the debtor received her discharge, and the debtor's discharge does not cover debts that she incurred postpetition. Anderson's motion to vacate must be denied because the debtor had no duty to disclose postpetition debts. And because there is no valid basis for vacating the judgment entered against Anderson, there is no reason to reopen the debtor's bankruptcy case.

Moreover, the $72 judgment at issue was for Anderson's willful violation of the automatic stay. In general, the automatic stay continues to protect actions against the debtor until the earliest of—

>  (A) the time the case is closed;
>  (B) the time the case is dismissed; or
>  (C) if the case is a case under chapter 7 of this title . . . concerning an individual or a case under chapter 9, 11, 12, or 13 . . . the time a discharge is granted or denied[.]

11 U.S.C. § 362(c)(2).  In other words, the automatic stay even protects debtors who ultimately have their discharges denied.  Whether the debtor committed misconduct that might justify denial or revocation of her discharge is irrelevant to the debtor's right to recover for willful violations of the automatic stay.  Furthermore, any attempt to have the debtor's discharge revoked would be untimely.  *See* 11 U.S.C. § 727(e) (requiring that a complaint to revoke discharge be brought before the later of one year after discharge or the date the case is closed); Fed. R. Bank. Pr. 9024 (same).

Nor do Anderson's allegations constitute fraud on the court.  Pursuant to Federal Rule of Civil Procedure 60(d)(3), made applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 9024, nothing in Rule 60 limits a court's power to "set aside a judgment for fraud on the court."  To establish fraud on the court, the movant must demonstrate conduct:

> (1) on the part of an officer of the court; that (2) is directed to the judicial machinery itself; (3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; (4) is a positive averment or a concealment when one is under a duty to disclose; and (5) deceives the court.

*Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010) (citations and internal quotation marks omitted).  The movant must establish fraud on the court by clear and convincing evidence.  *Id*.

6

13-14494-aih    Doc 121    FILED 07/29/20    ENTERED 07/29/20 10:54:29    Page 6 of 8

Anderson asserts that the debtor's allegedly intentional failure to disclose certain medical debts between 2014 and 2016 constitutes fraud on the court. But the debtor's actions do not amount to "conduct by an officer of the court" as required. In addition, as mentioned previously, Anderson is under the mistaken belief that the debtor was obligated to disclose debts that she incurred years after she filed her bankruptcy case in 2013. But because these alleged debts were not incurred until after the debtor received her discharge, the debtor was not obligated to disclose these debts, and failing to do so was not "a positive averment or a concealment when one is under a duty to disclose." Therefore, Anderson has failed to demonstrate fraud on the court and is not entitled to have the judgment against him vacated.

The Court finds no valid reason to reopen this closed case. Anderson's motion to reopen is denied.

The debtor also seeks to strike Anderson's filings. Because Anderson's motion to vacate the default judgment was filed when the debtor's case was closed, the Court agrees that his filing should be stricken. The Court will therefore direct the clerk to restrict public access to docket entries 126 and 129 in Adversary Proceeding Number 15-1006. The Court also directs the clerk to restrict public access to the copies of docket entries 126 and 129 of the adversary proceeding

7

13-14494-aih    Doc 121    FILED 07/29/20    ENTERED 07/29/20 10:54:29    Page 7 of 8

appended to the Court's orders in the main bankruptcy case (Docket Nos. 116 and 117).

    IT IS SO ORDERED.